AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| | ) | Case No. | 25-MJ-1930 |
| Herman Smith, Jr | ) | | |
| | ) | | |
| | ) | | |
| | ) | | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   May 26, 2025   in the county of   McKinley   in the
_____ District of   New Mexico  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1153 | Offenses Committed within Indian Country |
| 18 U.S.C. § 1112 | Voluntary Manslaughter |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharging a firearm during and in relation to and in furtherance of a crime of violence |

This criminal complaint is based on these facts:

See attached.

☑ Continued on the attached sheet.

*Complainant's signature*

James Ridder, FBI Special Agent
*Printed name and title*

Sworn to before me by telephone or other reliable electronic means.

Date: May 28, 2025

*Judge's signature*

City and state:   **Albuquerque, NM**     Laura Fashing, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, James Ridder, being duly sworn, state as follows:

1. This affidavit is made in support of a Criminal Complaint for HERMAN SMITH, JR. (hereinafter referred to as SMITH), year of birth 1988.

2. I am a Special Agent with the FBI and have been so employed since January 2016. I am currently assigned to the Albuquerque Field Office, Gallup Resident Agency. My primary duties as a Special Agent with the FBI include investigating crimes occurring in Indian Country. I have gained experience in the conduct of such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state, tribal, and federal law enforcement agencies. As a Federal Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute criminal complaints and search warrants issued under the authority of the United States.

3. This affidavit is based upon my personal investigation at the scene, as well as information reported to me by other federal, state, tribal, and local law enforcement officers during their official duties. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, tribal, and local law enforcement officers who have directly participated in this investigation. This affidavit is also based upon information gained from interviews with cooperating citizen witnesses, whose reliability is established separately herein.

4. Based on my training, experience, and the facts set forth in this affidavit, I believe there is probable cause that SMITH committed violations of 18 U.S.C. §§ 1153 and 1112, that being voluntary manslaughter, and 18 U.S.C. § 924(c)(1)(A)(iii), that being discharging a firearm during and in relation to and in furtherance of a crime of violence.

5.     Because this affidavit is submitted for the limited purpose of securing authorization for the proposed warrant, I have not included each fact known to me concerning this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested arrest warrant.

PROBABLE CAUSE

6.     On May 26, 2025, the Federal Bureau of Investigation (FBI), Albuquerque (AQ), Gallup Resident Agency, was contacted by the Navajo Department of Criminal Investigations (NDCI) regarding a fatal shooting that occurred at residence, 1474 RA State Road 602, located in Vanderwagen, New Mexico, an area within the exterior boundaries of the Navajo Nation Reservation.

7.     According to the Navajo Police Department (NPD), at approximately 4:49 pm on May 26, 2025, their agency received a call regarding a shooting that resulted in the death of a 48-year-old male, JOHN DOE, who was pronounced dead at the scene. Paramedics from McKinley County Fire and Rescue indicated JOHN DOE was shot to the chest area and died from his wounds.

8.     According to NPD report 03-25-017945, dispatch received a call at approximately 5:02 p.m., reportedly from SMITH. The call record indicates that SMITH shot the victim because the victim went after SMITH with a rifle.

9.     Law enforcement interviewed WITNESS 1, who is related to SMITH. WITNESS 1 stated that on the day prior JOHN DOE arrived at WITNESS 1 and SMITH's parents' house. Both WITNESS 1 and SMITH were home. JOHN DOE and SMITH were outside talking and laughing. SMITH returned inside the residence and was "talking smack" under his breath. WITNESS 1 saw SMITH load a rifle with bullets. SMITH stated he wanted to scare off JOHN

DOE. SMITH said JOHN DOE was drunk and starting trouble with SMITH. JOHN DOE was "talking smack" and spilling his beer on SMITH. SMITH pushed JOHN DOE away and JOHN DOE fell off the porch. JOHN DOE wanted to fight SMITH. SMITH told JOHN DOE to leave and JOHN DOE left.

10.     WITNESS 1 stated that at some point on May 26, 2025, WITNESS 1 and SMITH went to the residence, 1474 RA State Road 602, Vanderwagen, New Mexico, in WITNESS 1's vehicle to pick up their parents. When WITNESS 1 and SMITH arrived at the residence, JOHN DOE was in his vehicle in front of the residence. According to WITNESS 1, JOHN DOE was drunk because JOHN DOE was talking to himself. WITNESS 2 came out of the residence at which point SMITH told WITNESS 2 to get SMITH's parents because SMITH did not want to deal with JOHN DOE after what happened the day prior. JOHN DOE got a rifle out of the trunk of his vehicle. JOHN DOE held the rifle in his right hand, down at his side. The rifle was not pointed at WITNESS 1 or SMITH. In response, SMITH shot at JOHN DOE approximately four (4) or five (5) times.

11.     Law enforcement next interviewed WITNESS 2, who indicated that JOHN DOE was out at his vehicle when a white vehicle arrived at WITNESS 2's residence (the white vehicle is known to law enforcement as WITNESS 1's vehicle). JOHN DOE went to the trunk of his vehicle and pulled out a gun. WITNESS 2 stated the barrel of the gun was still pointed at the trunk of the vehicle. SMITH was out of the white vehicle and shot at JOHN DOE approximately four (4) times.

12.     Next, law enforcement interviewed SMITH. SMITH was advised of his rights and agreed to speak to law enforcement. SMITH stated that on the day prior JOHN DOE stopped by the residence SMITH was at and JOHN DOE was intoxicated. JOHN DOE stepped on SMITH's

shoe and poured a beer on SMITH. JOHN DOE tried to grab SMITH and pretended to hit SMITH in the stomach. JOHN DOE tried to pour the beer in SMITH's mouth and SMITH pushed JOHN DOE off the porch. According to SMITH, JOHN DOE "went crazy" and started hitting the door and the window. SMITH indicated that JOHN DOE wanted to fight SMITH. SMITH did not know if JOHN DOE had a gun because JOHN DOE always had a gun. SMITH got a rifle, loaded the rifle with one (1) bullet, and told JOHN DOE to leave. JOHN DOE told the individual he was with to grab a gun. JOHN DOE told SMITH he was going to come back and shoot SMITH.

13. SMITH indicated that on May 26, 2025, when SMITH got to 1474 RA State Road 602, Vanderwagen, New Mexico, JOHN DOE took out a rifle from the trunk of JOHN DOE's vehicle. JOHN DOE went towards SMITH and threatened SMITH. SMITH grabbed his handgun and shot JOHN DOE approximately two (2) times. SMITH put his gun back in the bag he had.

14. Law enforcement conducted a search of the scene and a consent search of WITNESS 1's vehicle. During the search, six (6) apparent .22 caliber casings were found. Law enforcement additionally located a .22 caliber Ruger handgun inside WITNESS 1's vehicle.

15. SMITH was arrested by NPD on a criminal homicide charge, amongst other charges, and is currently being housed at Crownpoint Correction, in Crownpoint, New Mexico.

16. SMITH and JOHN DOE are enrolled members of the Navajo Nation, a federally recognized tribe.

## CONCLUSION

17. Based on the information set forth in this affidavit, I believe there is probable cause to charge SMITH with a violations of 18 U.S.C. §§ 1153 and 1112, that being voluntary manslaughter, and 18 U.S.C. § 924(c)(1)(A)(iii), that being discharging a firearm during and in relation to and in furtherance of a crime of violence.

18. Assistant United States Attorney Jack Burkhead has reviewed and approved this affidavit.

I swear that this information is true and correct to the best of my knowledge.

*[signature]*
James Ridder
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone or other reliable electronic means. May 28, 2025.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

5